UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN J. FAASUAMALIE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CASE NO.    C07-5690RJB-KLS

ORDER

This matter come before the Court on the Report and Recommendation (Dkt. 17) of Judge Karen L. Strombom, United States Magistrate Judge. The Court has reviewed the plaintiff's complaint (Dkt. 3), the Report and Recommendation (Dkt. 17), the Commissioner's objections to the report and recommendation (Dkt. 18), Plaintiff's response to the objections (Dkt. 19), and the remaining record herein.

Judge Strombom recommends that the administrative law judge's (ALJ) finding that Plaintiff was not disabled should be reversed and the matter should be remanded for further administrative proceedings. Dkt. 17 at 18. The Commissioner objects to a complete reversal of the ALJ's decision. Dkt. 18. The Commissioner contends that the "Magistrate [Judge] did not recommend overturning the ALJ's findings that related to Plaintiff's condition prior the [sic] lapsing of her insurance coverage, December 31, 2000." *Id*. 2. It is undisputed that one requirement of disability insurance benefits is that Plaintiff have an onset date of disability before her insurance has lapsed. *See id* at 1; Dkt. 19 at 3. The Commissioner argues that,

ORDER
Page - 1

because the ALJ erred by failing to consider medical evidence after the date Plaintiff's insurance lapsed, such errors would not affect the ALJ's previous denial of Plaintiff's disability insurance benefits. Dkt. 18 at 1-2.

Plaintiff argues that determining the onset date at this juncture is premature. Dkt. 19 at 3. Plaintiff has alleged disability as of September 15, 1999. Dkt. 17 at 2 (citing Tr. 17, 61-63, 71, 317-20). Social Security Regulation ("SSR") 83-20 (1983) provides in relevant part that:

> [i]n determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available.... [T]he established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.
>
> \*\*\*
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working.

Plaintiff argues that, should the ALJ find that Plaintiff is disabled, the ALJ may determine an onset date consistent with Plaintiff's alleged date or possibly earlier based on the medical evidence in the record. Dkt. 19 at 3. Plaintiff is correct. Defendant's request to limit the onset date of Plaintiff's possible disability before the ALJ determines whether Plaintiff is actually disabled is unpersuasive.

Therefore, it is hereby

**ORDERED** that:

(1) the Commissioner's objections are **OVERRULED**;

(2) the Court **ADOPTS** the Report and Recommendation;

(3) the ALJ erred in his decision as described in the report;

(4) the matter is therefore **REVERSED** and remanded to the Commissioner for further administrative proceedings; and

(5) the Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 4th of August, 2008.

ROBERT J. BRYAN
United States District Judge